FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UMAR EL RHASHI, a/k/a Derald C. Alexander,<br><br>Defendant. | NO: 2:19-CR-24-RMP-1<br><br>ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)<br><br>(COMPASSIONATE RELEASE) |

Upon motion of Defendant Umar El Rhashi for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court finds that compassionate release is appropriate.

## BACKGROUND

On August 6, 2019, this Court sentenced Defendant to a 33-month term of imprisonment, followed by a five-year term of supervised release, following his plea of guilty to one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250. ECF Nos. 28 and 40.

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) ~ 1

There is no dispute that Defendant exhausted his administrative remedies regarding his request to reduce his sentence and receive compassionate release by unsuccessfully seeking compassionate release from the warden at Federal Correctional Institution ("FCI")—Elkton, where Defendant is incarcerated. ECF No. 48 at 8. Defendant's current release date is May 28, 2021. ECF Nos. 47 at 22; 48 at 2. Defendant is 55 years old and has Type 2, insulin-dependent diabetes, a BMI over 40, chronic obstructive pulmonary disease ("COPD"), and high blood pressure. Defendant seeks reduction of his sentence to time served and release to a residential reentry center, which he argues "will provide the necessary structure to obtain medical and psychiatric care in the community" and "housing while he gets on his feet and locates a registry compliant place to live while he completes his five years of supervised release." ECF No. 47 at 25.

The Government argues against a reduced sentence by maintaining that Defendant is at a greater risk of contracting COVID-19 if released from custody to Eastern Washington and poses a risk of danger to the community. ECF No. 48 at 10−14. The Government asserts that Defendant's crime of conviction, failure to register as a sex offender, supports that he cannot be trusted to follow the law or court orders, and his predicate offenses of having sex with a minor support that he is a danger to the community. *Id.* at 13−14.

///

///

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) ~ 2

## DISCUSSION

Federal Rule of Criminal Procedure 35 generally delineates the parameters of a district court's ability to modify a prison sentence once judgment is entered. That provision offers no relief to Mr. Rhashi. However, 18 U.S.C. § 3582(c)(1)(A) provides an opportunity for a reduced sentence if, after the Court considers the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable, the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]"

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

> (A) Medical Condition of the Defendant.—
>   (i)   The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
>   (ii)  The defendant is—
>     (I)   suffering from a serious physical or medical condition,
>     (II)  suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>     that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) ~ 3

  (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
  (C) Family Circumstances—
   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
  (D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13.

  Until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the United States Bureau of Prisons ("BOP"). Following enactment of the First Step Act, a federal prisoner may move on his own behalf for a sentence reduction and compassionate release after exhausting all administrative appeals of the BOP's refusal to bring such a motion or after "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13, USSG, has not been updated since enactment of the First Step Act.[1]

---

[1] The Court takes judicial notice that as of the date of this order, there are an insufficient number of confirmed commissioners to comprise a quorum for purposes of amending the USSG.

Defendant has requested compassionate release under 18 U.S.C. §3582(c), and the Court has authority under that provision to reduce Defendant's previously imposed sentence. 18 U.S.C. §3582(c)(1)(A). The Court has the authority to reduce Defendant's sentence to "time served" and then impose a term of probation or supervised release under the previously imposed conditions of supervised release. 18 U.S.C. §3582(c)(1)(A).

Both parties agree that the Court should consider the factors under 18 U.S.C. § 3553 as well as 18 U.S.C. § 3582 and USSG § 1B1.13 in determining whether Mr. Rhashi should be granted compassionate release.

In this case, Defendant already has served more than twenty months of his 33-month sentence, and Defendant is due to be released in May 2021. The predicate offenses requiring registration are over 23 years old. ECF No. 53 at 9. Defendant has no disciplinary history during his incarceration with the Bureau of Prisons. *See* ECF No. 48 at 2. By contrast, Defendant has several chronic medical conditions that indicate that Defendant is at risk of severe illness from the virus that causes COVID-19. Weighing the benefit or need for approximately five more months of incarceration against the risks of serious complications from COVID-19, given Defendant's particular health profile, the Court finds that relief is warranted for Defendant under 18 U.S.C. §3582(c)(1)(A). However, given Defendant's history of homelessness and his noncompliance with his obligation to register as a sex offender while without stable housing, the Court will retain the special condition requiring

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) ~ 5

Defendant to be released to a residential reentry center rather than directly into the community. ECF No. 40 at 5. The Court finds that the special and standard conditions of supervised release address any risk of danger that Defendant poses.

Therefore, the Court grants compassionate release under 18 U.S.C. §3582(c)(1)(A), and, once a bed date is secured at a residential reentry center, will reduce the time of incarceration to "time served." Defendant will begin a 5-year term of supervised release under the same conditions previously imposed.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Sentence Reduction, **ECF No. 47**, is **GRANTED**.
2. The remainder of Defendant's previously imposed sentence is reduced to time served, and an Amended Judgment shall issue.
3. All standard and special conditions of supervised release shall be incorporated into the Amended Judgment, including the Special Condition that Defendant reside upon release in a residential reentry center ("RRC") for a period of up to 180 days. See ECF No. 40 at 4−5.
4. This order is **stayed for up to fourteen days** for the United States Probation Office to secure a bed date at an RRC. Once a bed date is verified, the Court will issue an Amended Judgment reflecting the time served sentence. If more than fourteen days are needed to secure a bed date, make appropriate travel arrangements, and ensure Defendant's safe

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) ~ 6

release, the United States Probation Office or the parties shall immediately notify the Court and explain why the stay should be extended.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel and to the U.S. Probation Office.

**DATED** November 4, 2020.

<i>s/ Rosanna Malouf Peterson</i><br>
ROSANNA MALOUF PETERSON<br>
United States District Judge