PROB 12C
(6/16)

Report Date: May 24, 2022

## United States District Court

**for the**

**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**May 24, 2022**

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Umar El Rhashi                                  Case Number: 0980 2:19CR00024-RMP-1

Address of Offender: ███████████████  Spokane, WA 99202

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge

Date of Original Sentence: August 6, 2019

Original Offense:      Failure to Register As a Sex Offender, 18 U.S.C. § 2250(a)

Original Sentence:     Prison - 33 months;            Type of Supervision: Supervised Release
                       TSR - 60 months

Amended Sentence:      Prison - 662 days;
(November 9, 2020)     TSR - 60 months

Revocation Sentence:   Prison - 5 months;
(October 15, 2021)     TSR - 31 months

Asst. U.S. Attorney:   Ann Wick                       Date Supervision Commenced: January 27, 2022

Defense Attorney:      Christina Wong                 Date Supervision Expires: August 26, 2024

---

### PETITIONING THE COURT

**To issue a SUMMONS**.

On January 31, 2022, Mr. Umar El Rhashi's conditions of supervised release were reviewed with him telephonically given the ongoing pandemic. On February 3, 2022, his signed conditions were received by e-mail, relative to case number 2:19CR00024-RMP-1, indicating he understood all conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #13**: You must follow the instructions of the probation officer related to the conditions of supervision.<br><br>**Supporting Evidence**: Mr. Umar El Rhashi is alleged to have violated standard condition number 13 by failing to provide medical documentation to allow for verification of hospital placement on May 13, 16, 17, and 23, 2022, as directed.<br><br>Specifically, and as the Court may recall, Mr. Rhashi was previously revoked by the Court on October 15, 2021, following the client's admission to having committed a number of |

previously alleged violations. As a part of the hearing, Mr. Rhashi was ordered into inpatient treatment placement, and subsequently the Spokane Residential Reentry Center (RRC) in a public law capacity to mitigate his state of homelessness. On February 28, 2022, Mr. Rhashi began his then term of public law placement at the Spokane RRC after having successfully completed inpatient chemical dependency treatment.

On May 13, 2022, at 12:25 a.m., the undersigned officer received notification from the Spokane RRC which indicated they were terminating his placement with the facility as they had been unable to contact the client since May 12, 2022, at 6:45 p.m., after he traveled to the hospital on May 11, 2022. RRC staff indicated they had contacted the hospital who advised that the client was not present within the emergency room. Therefore, he was considered to be in abscond status.

At 7:40 a.m., the undersigned officer attempted to contact Mr. Rhashi, whose phone went straight to voice mail and an automated message was received indicating that the client's voice mail box was full and could not accept new messages. At 9:45 a.m., the client contacted this officer and indicated frustration at having been terminated from the Spokane RRC, indicating he had fallen asleep at the hospital, after which his phone died, but he otherwise had maintained regular contact with the provider.

Mr. Rhashi indicated he had originally traveled to the hospital on May 11, 2022, following work due to not feeling well, indicating that he had been at the hospital emergency room since his arrival on that date. The undersigned officer then contacted the hospital emergency room who indicated they had no record of the client checking in on May 11, 2022, and rather they only showed him as having checked into the emergency room approximately 30 minutes prior. Mr. Rhashi indicated that he was in emergency room number 4, but staff indicated during discussion that they did not have a room number 4.

Mr. Rhashi remained adamant that he arrived at the hospital on May 11, 2022, and stated that he possessed documentation to verify his claim. Mr. Rhashi was subsequently directed to provide this documentation on a number of occasions, to include May 13, 16, 17, and 23, 2022, following which the client committed to doing so. The client has since failed to provide any documentation that verifies his intake date with the hospital as May 11, 2022.

2      **Special Condition #4**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility.

**Supporting Evidence**: Mr. Umar El Rhashi is alleged to have violated special condition number 4 by being unsuccessfully discharged from the Spokane RRC on May 13, 2022.

Specifically, and as the Court may recall, Mr. Rhashi was previously revoked by the Court on October 15, 2021, following the client's admission to having committed a number of previously alleged violations. As a part of the hearing, Mr. Rhashi was ordered into inpatient treatment placement, and subsequently the Spokane Residential Reentry Center (RRC) in a public law capacity to mitigate his state of homelessness. On February 28, 2022, Mr. Rhashi began his then term of public law placement at the Spokane RRC after having successfully completed inpatient chemical dependency treatment.

Prob12C
Re: Rhashi, Umar El
May 24, 2022
Page 3

On May 13, 2022, at 12:25 a.m., the undersigned officer received notification from the Spokane RRC which indicated they were terminating his placement with the facility as they had been unable to contact the client since May 12, 2022, at 6:45 p.m., after he traveled to the hospital on May 11, 2022. Facility staff indicated they had contacted the hospital who advised that the client was not present within the emergency room, and therefore he was considered to be in abscond status. RRC staff did verify that they did not themselves contact the hospital to verify placement until May 12, 2022, after which they learned he was not present.

The U.S. Probation Office respectfully recommends the Court **issue a SUMMONS** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   May 24, 2022

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

5/24/2022
Date